United States District Court
Middle District of Florida
Jacksonville Division

**CHARLES CAMERON COHEN,**

    *Plaintiff,*

v.                                                                            **NO. 3:17-CV-301-J-34PDB**

**UNITED STATES DEPARTMENT OF JUSTICE –**
**BUREAU OF ALCOHOL, TOBACCO, FIREARMS,**
**AND EXPLOSIVES,**

    *Defendant.*

---

## Report and Recommendation

Charles Cohen, proceeding without a lawyer, filed a two-page, letter-format complaint alleging that he has not received a federal firearms license for which he has applied and asking the Court to help him obtain it. Doc. 1. He explained he had filed a case in the Southern District of New York but was unable to attend a scheduled conference, Doc. 1 at 2, and attached a letter he wrote to that court explaining he wanted a "court date" instead of a pretrial conference and complaining that his case was taking too long, Doc. 1-1.[1]

With the complaint, Cohen filed a motion for leave to proceed in forma pauperis (IFP) and affidavit of indigency. Doc. 2. The Court directed him to (1) file an amended complaint that (a) provides a short and plain statement of his claim in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and

---

[1]The Southern District of New York dismissed Cohen's complaint without prejudice for failure to prosecute and failure to comply with the court's orders. *See Charles Cameron Cohen v. U.S. Dept. of Justice/ATF*, No. 1:16-cv-5505-GHW (S.D.N.Y. Jan. 13, 2017) (unpublished).

(b) contains alleged facts that state a claim that is plausible on its face; and (2) either complete and file a long-form application to proceed IFP or pay the filing fees. Doc. 4. The Court warned that if he did not comply, his case may be dismissed without prejudice. Doc. 4 at 2. The Court also entered a notice informing Cohen of the procedural rules and warning that failure to comply with a court order could result in dismissal of his case. Doc. 5.

Cohen filed a long-form application and affidavit, Doc. 7, and a letter again explaining that he is trying to obtain a firearms license. Doc. 6. The Court granted Cohen's request to proceed IFP but stayed the service-of-process provision in 28 U.S.C. § 1915(d) and service-of-process period in Federal Rule of Civil Procedure 4(m). Doc. 8 at 2. The Court struck the letter, ordered Cohen to file an amended complaint stating claims in numbered paragraphs and alleging facts that state a claim that is plausible on its face, directed him to resources for parties proceeding without lawyers, and warned that if he failed to comply, the undersigned would recommend dismissal without prejudice. Doc. 8 at 2.

Cohen has filed a document labeled, "Amended Complaint." Doc. 9. In unnumbered blocks of text, he explains he applied for a firearms license, never received it, and could not attend conferences in his New York case. Doc. 9 at 2. He concludes, "In order to move on with my life I would need the U.S. District Court Middle District of Florida Jacksonville Division to order my license within 90 days of my first complaint." Doc. 9 at 2. He has also filed a document labeled, "Amended Complaint/Warning." Again in unnumbered blocks of text, he summarizes the procedural history and concludes, "Now as of June 15, 2017 it has been three months that[']s how long it takes the Bureau of Alcohol, Tobacco, Firearms and [E]xplosives to give a federal firearms license and I still haven't received mine. By July 15, 2017 the United States Supreme Court will get a complaint on Judge Howard and Judge Barksdale[']s actions on me still not receiving my license." Doc. 10 at 1–2.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to prosecute or comply with a court order. "Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases." *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (addressing dismissal for failure to prosecute), *see also Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.").

Under 28 U.S.C. § 1915(e)(2)(B), a court "shall" dismiss an action by a plaintiff proceeding IFP if at any time the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. To decide if a pro se, IFP complaint fails to state a claim on which relief may be granted, a court must construe the complaint liberally and apply the Federal Rule of Civil Procedure 12(b)(6) standards. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal under Rule 12(b)(6), it must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A complaint must set forth claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and, "[i]f doing so would promote clarity," set forth each claim founded on a separate transaction or occurrence in a separate count. Fed. R. Civ. P. 10(b).

Cohen has not complied with the Court's orders directing him to correct deficiencies, Docs. 4, 8, despite warnings failure to comply with the orders could result in dismissal of his case, Doc. 4 at 2, Doc. 5 at 1, Doc. 8 at 2. As a result, his amended complaint remains deficient. It does not state claims in numbered paragraphs and includes only conclusory statements with no factual allegations that, accepted as true, state a plausible claim against the defendant. *See* Doc. 1, Doc. 9.

I recommend the Court **dismiss** the case without prejudice for failure to comply with the Court's order and for failure to state a claim on which relief may be granted.[2]

**Entered** in Jacksonville, Florida, on June 16, 2017.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Charles Cameron Cohen
    507 East Church Street
    Jacksonville, FL 32202

---

[2]"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.